484

No. 20,150.

GOULD & PREISNER, INC. *v.* THE DISTRICT COURT OF THE CITY AND COUNTY OF DENVER, AND GEORGE M. MCNAMARA, JUDGE.

(369 P. [2d] 554)

Decided March 12, 1962.

Mr. STANLEY W. PRISNER, for Petitioner.

Mr. MELVIN ROSSMAN, for Respondents.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THIS is an original proceeding in this Court. The petition alleges the following facts:

In an action pending in the district court of Denver the Denver Wood Products Company was plaintiff and Louis E. Cardenas, Helen Cardenas, and various other persons and corporations including the petitioner, were defendants. The action was for the foreclosure of a mechanic's lien upon real estate standing in the name of Mr. and Mrs. Cardenas. All defendants, other than the Cardenases, were lien claimants who had filed for record their separate statements of lien. The petitioner Gould & Preisner, Inc., appeared in the action and filed its "Answer, Counterclaim and Cross-Complaint."

It is alleged inter alia in said petition:

"4. That at the time of the pre-trial conference it was called to the attention of counsel for Gould & Preisner, Inc. that he had neglected to serve upon the defendants Cardenas or upon their attorney, Charles J. Onofrio, a copy of said aforementioned pleading, although service thereof was made upon other parties to the action.

"5. That upon being advised of such failure, the undersigned, as counsel for Gould & Preisner, Inc., immediately moved the Court for leave to serve upon either the defendants Cardenas or upon their counsel of record the said Charles J. Onofrio, a copy of said pleading, within such time as the Court might direct.

"6. That at the time of said Motion, the above-captioned case had not been set for trial and was not set for trial until thereafter, the setting date being July 10 and 11, 1962 at 9:00 o'clock A.M.

\* \* \*

"9. That the omission of counsel so to serve said plead-

ing was the result of his mistake, inadvertance and excusable neglect and that Gould & Preisner, Inc. should not be penalized by reason of said omission of its counsel of record.

"10. That neither the defendants Cardenas, nor any party to said action would have been prejudiced by the granting of said Motion of Gould & Preisner, Inc. for leave so to serve said pleading."

The petition further alleged that the trial court refused to permit the defendants Cardenas to be served with a copy of the "Answer, Counterclaim and Cross-Complaint," and,

"13. That the net effect of the action of the Court is to dismiss the proceedings insofar as the defendant Gould & Preisner, Inc. is concerned and to deprive it of any remedy or relief."

The rule to show cause issued as prayed for in the petition and the answer filed on behalf of the respondent district court and the judge thereof admits the allegations of paragraphs 4, 5 and 6; denied other allegations; and for additional answer alleged the following:

"1. That the original complaint in foreclosure was filed on January 19, 1961, by Denver Wood Products Company. The request for pre-trial conference was filed July 18, 1961, and the pre-trial conference set for January 12, 1962, on which date the Defendants Cardenas, who are the homeowners, and other non-defaulting co-defendants were present by counsel prepared to and did conclude the pre-trial conference.

"2. That although the petitioner, Gould and Preisner, filed a pleading designated Answer, Counterclaim and Cross-Complaint with the Clerk of the Court on February 23, 1961, no service was made on the defendants or their counsel at that time; that by letter dated June 16, 1961, petitioner received an offer of settlement and no pleadings were served on defendants or their counsel subsequent to the receipt of such letter; that such failure to serve any cross claim is an inexcusable failure to

comply with the rules of civil procedure which relate to the service of pleadings and constitutes inexcusable neglect; that Rule 5(a) of the Rules of Civil Procedure makes the service of such pleadings mandatory; and although the trial court may exercise his discretion in enlarging the time for good cause shown, there was not sufficient cause shown in this instance.

"3. That Chapter 86-3-31 of C.R.S., 1953, provides that the Court shall advance such cause to the head of the docket for trial. The statute contemplates speedy disposition of causes of this nature. To permit the defaulting petitioner to serve a cross claim on the defendants at this late date would vitiate Chapter 86-3-13 and would defeat the purpose of the pre-trial conference and would be prejudicial to the plaintiff and the other lien claimants who had served their pleadings on the Defendants Cardenas. It would be most prejudicial to the Defendants Cardenas, who are the homeowners and who objected to the serving of any pleadings at this late date.

"4. Had the petitioner not been an original party and had it attempted to intervene at the time of the pre-trial conference, such attempt to intervene would not have been timely. A motion to serve a cross claim subsequent to the pre-trial conference, or at the pre-trial conference, would have the same legal and practical effect as a motion to intervene and would not be timely."

It appears from the file before us that by letter dated June 16, 1961, the attorneys for Mr. and Mrs. Cardenas wrote a letter to the attorneys for Denver Wood Products Co. (plaintiff in the action) in which an attempt was made to bring about a settlement of the entire foreclosure proceeding. Counsel for Defendants Cardenas had full knowledge at that time of the amount of the claim of Gould & Preisner, Inc. and included that claim in the proposal for a settlement of the case. The letter concluded with the statement that the offer of Mr. and Mrs. Cardenas to settle the claim was "necessarily con-

ditioned on the unanimous acceptance of all parties set forth herein."

■ We cannot agree with the assertion contained in the answer of respondents that the "failure to serve any cross claim is an inexcusable failure to comply with the rules of civil procedure which relate to the service of pleadings and constitutes inexcusable neglect." There was ample time prior to the date set for trial for the filing of any answer to the cross complaint and counterclaim which Mr. and Mrs. Cardenas might have desired to file, and there is even now ample time for the filing of any answer which they may desire to file and to frame any issues on the question of whether the petitioner is a creditor of Mr. and Mrs. Cardenas and entitled to share in the proceeds derived from foreclosure of the several mechanic's liens.

■ It is not apparent how the substantial rights of any litigant could in any manner be prejudiced by permitting the answer and counterclaim of petitioner to be served upon Defendants Cardenas. To uphold the action of the trial court under the circumstances above set forth would deprive the petitioners of claimed property rights and might well result in an unjust enrichment of other creditors whose claims may not be such as to entitle them to preference over the petitioner.

■ A litigant should not be deprived of his day in court because of an inadvertent omission of counsel when the oversight can be corrected without prejudice to the rights of any litigant involved in the action.

The rule heretofore issued is made absolute.